THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ANTHONY PIAZZA and WILLIAM JOSEPH DENNIS HYNDMAN, Appellants.—

The findings of fact below have not been

considered. On Sunday afternoon, July 31, 1960, at about 12:45 P.M., the two defendants, together with two other persons, were riding in Jamaica, Queens County, New York, in an automobile owned by the defendant Piazza. A police officer, on patrol in a car with two other policemen, recognized one of the occupants in the other vehicle to be a dope peddler named Perry Burns. Although Piazza's car was not observed to be involved in any traffic violation, and there is no evidence in the record of any untoward behavior on the part of its occupants, the police stopped it, ordered the occupants out, and searched them. From appellant Hyndman's pocket the police obtained $17.15 in coins, and from the person of Perry Burns, they obtained $17.95 in coins. Thereupon, the two defendants and their two companions were arrested and taken to the police station, where they arrived some time between 1:00 and 1:30 P.M. A search of their vehicle produced a crowbar. They were interrogated as to the source of the money. Defendant Hyndman said that he had won his in a dice game in Brooklyn. Defendant Piazza said he had no idea where Hyndman and Perry Burns got the money. About 6:30 that evening the custodian of a club in the neighborhood discovered that the building had been burglarized and certain coin machines rifled. Presumably he reported the occurrence to the police, for about that time they began interrogating defendants as to their participation in the burglary. Defendants soon confessed (they claim as a result of fear and coercion), at the same time absolving their companions; and about 5 hours later, or about 11 hours after their arrest, they were booked. Concededly, defendant Piazza's car was not involved in any traffic violation at the time it was stopped by the police, who then had no information that might justify a belief that a crime had been committed by the people in it. Neither was there any visible evidence of any unlawful behavior on the part of any of them. Since only one of the car's occupants, Perry Burns, was known to the police, there was no basis for a charge of disorderly conduct (Penal Law, § 722, subds. 11, 12; *People* v. *Greenberg*, 142 Misc. 680). Thus, there was no reasonable basis for the police search of the car and its occupants — the search which yielded the evidence upon which the defendants' conviction rests. The police having obtained such evidence by means of an unlawful search and seizure in deprivation of defendants' rights under the Fourth Amendment to the Constitution of the United States, the evidence should have been excluded (*Mapp* v. *Ohio*, 367 U. S. 643). In the circumstances, a new trial should be had in the interests of justice. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.